UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WEN CHEN,

               Petitioner,

   v.

JULIO HERNANDEZ, et al.,

               Respondents.

Case No. 2:26-cv-02053-TLF

ORDER GRANTING HABEAS
PETITION IN PART

Petitioner Wen Chen, a native and citizen of the People's Republic of China, is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkts. 1, 7 (Deportation Officer ("DO") Declaration). Respondents re-detained petitioner in May 2026 following his detention by agents from the Drug Enforcement Agency ("DEA"). Dkts. 1, 7, 8-4 (I-213 Form, dated May 13, 2026). Respondents state petitioner has not been charged in relation to the DEA's detention. Dkt. 7 at 2.

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. He primarily requests immediate release, arguing among other claims that respondents' re-detention violated the Fifth Amendment's Due Process Clause. *E.g.* Dkt. 1 at 11-12.

ORDER GRANTING HABEAS PETITION IN PART - 1

The parties unanimously consent to proceed before a Magistrate Judge. Dkt. 4. For the reasons below, the Court **GRANTS** the petition **IN PART**. Respondents shall provide petitioner with a post-deprivation hearing, as required by due process under *Mathews v. Eldridge,* 424 U.S. 319, 334 (1976), before an Immigration Judge within **10 calendar days** of the date this Order is filed.

## I.    BACKGROUND

Petitioner is a citizen and native of the People's Republic of China. Dkt. 1 at 6; Dkt. 7 at 1. In September 2023, petitioner was initially detained after entering the United States. Dkt. 1 at 6; Dkt. 7 at 1; Dkt. 8-1 (Notice to Appear, dated September 10, 2023); Dkt. 8-2 (I-213 Form, dated September 10, 2023). Respondents released petitioner under an Order of Release on Recognizance ("OREC"). Dkt. 1 at 6; Dkt. 7 at 2; Dkt. 8-3 (OREC). Petitioner's OREC states he "must not violate any local, State, or Federal laws or ordinances." Dkt. 8-3 at 2.

Petitioner states he was "granted employment authorization and worked lawfully as a deliver driver" and "resided in Illinois and later California . . ." Dkt. 1 at 6. Petitioner also states he filed a Form I-589 application for asylum and for withholding of removal. Dkt. 1 at 6.

It is undisputed that on May 12, 2026, petitioner was detained by DEA agents, and was then transferred to respondents' custody. *E.g.* Dkt. 1 at 6; Dkt. 7 at 2.

Regarding this incident, petitioner claims "an acquaintance known as Mr. Wang asked Petitioner to deliver a package to Los Angeles" and he "had previously allowed Mr. Wang to use his vehicle on several occasions . . ." Dkt. 1 at 6. "While en route in Eugene, Oregon, Petitioner discovered the package contained approximately $230,000

ORDER GRANTING HABEAS PETITION IN PART - 2

in U.S. currency (23 bundles of $100 bills)." Dkt. 1 at 6. "Shortly thereafter, DEA agents stopped Petitioner," and he claims he "fully cooperated . . ." Dkt. 1 at 6. "While Petitioner was still in DEA custody . . . ICE officers arrived . . . and took him into immigration custody" and he was ultimately transferred to NWIPC. Dkt. 1 at 6 (citing Dkt. 1-4).

Respondents claim petitioner was detained by DEA agents "on suspicion of Money Laundering of illicit drug trafficking proceeds" and his "activities remain under investigation by the DEA." Dkt. 7 at 2. They acknowledge petitioner "has not been charged with a crime at this time." Dkt. 7 at 2.

Respondents' I-213 form states re-detention was based on a "referral from the DEA . . .," after which respondents issued an I-200 Warrant for Arrest of Alien, (Dkt. 8-5) and petitioner was "taken into custody without incident." Dkt. 8-4 at 4. And "[b]ased on Petitioner's failure to comply with the conditions of release, including the condition that he does not violate any state, local, or federal laws, ICE revoked Petitioner's OREC."[1] Dkt. 7 at 2.

## II.    DISCUSSION

### A.    Mandatory Detention

The Court rejects respondents argument that petitioner's due process claim should be denied because he is allegedly detained under 8 U.S.C. § 1225 as an "'applicant for admission.'" *E.g.* Dkt. 6 at 5. The Court adopts the reasoning and holding of *Rodriguez Vazquez v. Bostock,* 802 F. Supp. 3d 1297, 1322-1336 (W.D. Wash.

---

[1] Respondents' I-213 form also states petitioner "requested a Voluntary Departure to China." Dkt. 8-4 at 4. Petitioner disputes this assertion, claiming "a man in plain clothes visited [his] cell and, using translation software, asked if he wished to return to China," but petitioner "did not sign any documents regarding voluntary departure or waiver of rights." Dkt. 1 at 6.

ORDER GRANTING HABEAS PETITION IN PART - 3

2025), and holds that petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a).

To the extent respondents rely on out-of-Circuit authority, such as *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), this authority is not binding on this Court.

Respondents also assert that *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020), forecloses petitioner's process claim. *E.g.* Dkt. 6 at 5. This Court has rejected a similar "argu[ment] that *Thuraissigiam* compels the Court to find that Plaintiffs enjoy only those procedural protections provided for by statute, and that this does not include bond hearings." *Padilla v. U.S. Immigr. & Customs Enf't*, 704 F. Supp. 3d 1163, 1170 (W.D. Wash. 2023). This Court reasoned the *Thuraissigiam* Court "explicit[ly] constrains itself to determining only whether those challenging the *admission process* have due process rights . . ." *Id.* at 1172 (emphasis added) (citing *Thuraissigiam*, 591 U.S. at 140). "*Thuraissigiam* does not foreclose Plaintiffs' due process claims which seek to vindicate a right to a bond hearing with certain procedural protections" as such claims "do not challenge the admission process in any way or assert a right to remain in the United States." *Id.* "They merely seek a chance to apply for release on bond pending resolution of their bona fide asylum claims that remain to be resolved in standard removal proceedings." *Id.*

Respondent's reliance on a July 8, 2025 DHS memorandum is also inapposite. *E.g.* Dkt. 6 at 3. The memo asserts "'it is the position of DHS that such aliens are subject to detention under [8 U.S.C. § 1225(b)] and may not be released from ICE custody except by [8 U.S.C. § 1182(d)(5)].'" Dkt. 6 at 3. Respondent's generalized

ORDER GRANTING HABEAS PETITION IN PART - 4

assertion of this memo ignores petitioner's specific circumstances. For example, petitioner's Notice to Appear expressly declined to designate him as an "arriving alien." Dkt. 8-1 at 2; *see also Garcia Gabriel v. Hermosillo*, No. 2:25-cv-02594-DGE-GJL, 2026 WL 194233, at *3 (W.D. Wash. Jan. 26, 2026) ("Notably, the issuing officer explicitly declined to designate Petitioner as an 'arriving alien,' . . . which is the active language used to define the scope of § 1225(b)(2)(a) in its implementing regulation."). It is also undisputed petitioner was released under an OREC, which is authorized under 8 U.S.C. § 1226(a)(2)(B). Petitioner's OREC states his release was "[i]n accordance with section 236 of the Immigration and Nationality Act," or in other words, 8 U.S.C. § 1226. Dkt. 9-3.

## B.    Due Process

Respondents next argue petitioner is not entitled to relief under *Mathews*. Dkt. 6 at 6-9. To assess whether petitioner's re-detention violated due process under *Mathews*, the Court adopts the reasoning of *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1320-24 (W.D. Wash. 2025), and *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136-37 (W.D. Wash. 2025), in weighing the Mathews factors: (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used, and the probable value of any additional or substitute safeguards; and (3) respondents' interest, including the function involved and financial and administrative burdens that the additional or substitute safeguards would entail. *Mathews*, 424 U.S. at 335; *Rodriquez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (assuming without deciding that the Mathews test applies "in the immigration detention context.").

ORDER GRANTING HABEAS PETITION IN PART - 5

The first Mathews factor weighs in petitioner's favor. It is undisputed that petitioner was released after his initial detention and remained in the community prior to his re-detention. Respondents argue that while "Petitioner had some liberty interest in his continued freedom from detention while released pursuant to an OREC, that liberty interest was conditional, and always subject to Petitioner complying with the express terms of his release." Dkt. 6 at 7. "That the Government exercises discretion in determining whether and which conditions of release to impose does not eliminate the protections afforded to Petitioner's liberty interest." *E.A. T.-B.*, 795 F. Supp. 3d at 1321-22; *see also Singh v. Bondi*, 824 F. Supp. 3d 1140, 1146 (W.D. Wash. 2026) (noting release under an OREC both created an implicit promise to the petitioner while also allowing him to develop stronger community ties).

The second Mathews factor weighs in petitioner's favor. Respondents based petitioner's re-detention on his detention by DEA agents in May 2026. Dkt. 8-4. And, based on the record provided, it is undisputed that petitioner has not been formally charged in connection to this detention. *E.g.* Dkt. 7 at 2.

Courts have held that where a noncitizen is conditionally released after an evaluation of their dangerousness and flight risk, their re-detention generally requires showing a material change in circumstance. *See, e.g.*, *dos Santos v. Noem*, No. 1:25-cv-12052-JEK, 2025 WL 2370988, at *9 (D. Mass. Aug 14, 2025); *see also Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017).

And, this Court previously addressed a situation where a petitioner (on release under an OREC) was accused, but apparently not yet charged, of an attempted sexual assault in the parking lot of an ICE Enforcement and Removal Operations office. *Singh*

ORDER GRANTING HABEAS PETITION IN PART - 6

*v. Noem*, No. 2:26-cv-00402-TLF, 2026 WL 696835, at *5-*7 (W.D. Wash. Mar. 12, 2026). Here, respondents point to corroborative evidence, with their submissions including the Declaration of Deportation Officer Ian Bloom, stating that the DEA detained petitioner on suspicion of laundering money connected with illicit drug trafficking and is continuing to investigate petitioner's activities (Dkt. 7 at 2-3); a I-213 form (Dkt. 8-4); and pictures of the money allegedly found in petitioner's possession. Dkt. 8-6. The respondents have not provided a declaration or included other information about the substance of the DEA investigation and there is no indication whether petitioner was arrested by the DEA based on a state or federal court warrant. Thus, the Court finds the risk of erroneous deprivation is moderate.

The final *Mathews* factor weighs in petitioner's favor. Respondents' interest in civil detention without a hearing is low. *E.A. T.-B.* 795 F. Supp. 3d. at 1323-24 (quoting *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)) ("'If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.'"). Stated otherwise, while the government would need to expend resources to provide a post-deprivation hearing before an Immigration Judge, those costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.

The Court accordingly finds petitioner has a protected liberty interest in his continued release from custody and the *Mathews* factors weigh in his favor.

### C.    Remedy and Burden

A post-deprivation remedy is appropriate based on the specific record and circumstances of this matter. As there is evidence of a DEA arrest, "even if . . .

ORDER GRANTING HABEAS PETITION IN PART - 7

authorities decide not to pursue a criminal charge, there may still be evidence that would meet the clear and convincing standard to establish that petitioner is a danger to the community." *Singh*, 2026 WL 696835, at *7 (citing *Vizhco Chunchi v. Francis*, No. 25-cv-10249 (ER), 2026 WL 249676, at *3 (S.D.N.Y. January 30, 2026)) (noting also "the Government has not provided the Court with any indication . . . whether there have been charges . . .").

This hearing must be held within 10 calendar days of this order's filing date before an Immigration Judge. See, Orozco Valle v. Scott,  No. 2:25-cv-02429-TLF (W.D. Wash. Jan. 5, 2026) at 9-11.

Respondents nonetheless argue that even at a post-deprivation hearing, "the law dictates that the Government does not bear a clear and convincing evidence standard at this stage; rather, the burden remains on the Petitioner to demonstrate eligibility for release." Dkt. 6 at 9-10 (citing *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011)).

The Supreme Court's decision in *Jennings v. Rodriguez*, struck down the Ninth Circuit's periodic bond hearings requirements as they "lacked 'any arguable statutory foundation'" under 8 U.S.C. §§ 1225(b), 1226(a), and 1226(c). *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018)). Even so, *Jennings* and its progeny did not foreclose all as-applied due process challenges to detention under immigration statutes. *Id.* 1213-1214; see also *id.* at 1228 (Wardlaw, J. dissenting) ("The proper balancing of the *Mathews* factors under § 1226(a) is unsettled in our circuit")..

As the Honorable Tory L. Nunley noted, it is an "open question in the Ninth Circuit" as to whether the Constitution requires "hearings at which the Government

ORDER GRANTING HABEAS PETITION IN PART - 8

bears the burden of proving by clear and convincing evidence that a noncitizen is a danger to the community or a flight risk." *Charan S. v. Warden, of the California City Det. Facility*, No. 1:26-CV-03017-TLN-JDP, 2026 WL 1144158, at *5 n.7 (E.D. Cal. Apr. 28, 2026) (citing *Rodriguez Diaz*, 53 F.4th at 1198-1201 (9th Cir. 2022)).

Accordingly, "district courts routinely find the standard should apply in these circumstances," *Id.* at *1, *5 n.7, *6 (collecting cases, and considering a *Mathews* claim for a petitioner who was re-detained after his initial release).

Respondents shall bear the burden at petitioner's post-deprivation hearing of proving by clear and convincing evidence that petitioner is either a flight risk or a danger to the community, and must have a contemporaneous recording of the hearing by audio recording or by transcript, in line with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).

### III.   CONCLUSION

For the reasons above, the Court **GRANTS** the petition for a writ of habeas corpus **IN PART**[2] and **ORDERS:**

1) Respondents shall provide due process to petitioner and hold a post-deprivation hearing within **10 calendar days** of the date this Order is filed. If petitioner or the government requests a continuance, and the Immigration Court grants the continuance for good cause shown, this deadline may be extended.

- This hearing shall be conducted before an Immigration Judge.

---

[2] To the extent petitioner requests additional injunctive relief, such as additional limits on any potential future re-detention, *e.g.* Dkt. 1 at 8-9, the Court declines to grant this relief and adopts the reasoning of *Saadhom v. Bondi*, --- F. Supp. 3d ----, 2026 WL 698786, at *10 (W.D. Wash. 2026).

ORDER GRANTING HABEAS PETITION IN PART - 9

- This hearing shall be conducted in line with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), including that respondents must make a contemporaneous record of the hearing by audio recording or transcript, respondents bear the burden of proving by clear and convincing evidence that petitioner is a flight risk or danger to the community, and that no alternatives to detention would mitigate those risks.

- If respondents cannot provide a post-deprivation hearing within 10 calendar days, they shall release petitioner.

- In the event petitioner is released, respondents shall impose the same conditions petitioner was subject to prior to his re-detention. *See Singh*, 2026 WL 696835, at *8.

2) The parties shall file a joint status report **on or before August 10, 2026**, confirming whether petitioner received a hearing held before an immigration judge as ordered above, and reporting whether he has been released.

Dated this 29th day of July, 2026.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING HABEAS PETITION IN PART - 10